

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| XAVIER JAMAL SMITH, | ) | |
| Plaintiff, | ) | Civil Action No. 2:24cv408 |
| v. | ) | |
| | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS INC, | ) | |
| Defendants. | ) | |

## I. COMPLAINT

1. This is a civil action brought by the Plaintiff, for actual, statutory, punitive damages, costs, and fees administrating this account complaint and brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act, "FCRA"), claims of defamation, identity theft 18 .S.C. 1023(a)(3), Conspiracy, Aiding and Abetting Robbery and Extortion 18 U.S.C. 2 and 18 U.S.C. 1951, and further requests the court's intervention in accordance with 12 U.S. Code § 5565 for federal consumer violations of unjust enrichment and I.C. 24-2-3-4 for Unjust Enrichment.

## II. Parties

2. Plaintiff, XAVIER JAMAL SMITH, doing business at Mailing address is 1499 MLK Drive. Suite 64527, Gary Indiana 46401 represented by attorney-in-fact Smith; Xavier-jamal.

3. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC (Experian), is a corporation with its principal place of business at 475 ANTON BOULEVARD, COSTA MESA, CA 92626 and Registered Agent for service in Indiana named C T CORPORATION SYSTEM addressed at 334 North Senate Avenue, Indianapolis, IN, 46204.

## III. Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question), as Plaintiff alleges violations of federal laws (FCRA).

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV. Factual Allegations

6. Plaintiff filed a CFPB complaint on defendant for inaccurate reports in credit file on 7/26/2024 and defendant responded 8/7/2024 stating they are investigating [SEE EXHIBIT A pages 1 and 3]. The defendant responded to me with a report dated

8/5/2024, but the inaccuracies remained. This negligence violated the FCRA & 15 U.S.C. 1681i(a)(1)(A) by not doing a full investigation which also initiated tier 1 starting on 8/6/2024, a violation of Federal Consumer Law per 12 U.S.C. 5565 - Tiers 1, 2 & 3 for unjust enrichment, defined as profiting or receiving a benefit at the expense of another person, which lasted 49 days.

7. Defendant sent a response on 9/25/2024 stating ", "Thank you for submitting your dispute on July 27, 2024, through the CFPB Portal. We appreciate consumers who take the time to let us know about their experiences with our company. We have reviewed your concerns and the information you provided in the dispute; including 10 attachment(s), which you have supplied through the Portal and directly to Experian. In your dispute, you indicate that inaccurate information is being reported. You are requesting to have this information updated and/or removed from your Experian credit report. Items #1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20: An inquiry record was deleted Upon further research and re-investigation, and in accordance with the FCRA, some inquiries were removed from the credit report. The result summary was sent to you for review on August 5, 2024." [SEE EXHIBIT A page 4].

8. 8/21/2024 plaintiff sent the defendant an affidavit of dispute that was received 8/30/2024 [SEE EXHIBIT B], giving them the additional 14 days allowed by the FCRA given a deadline of 9/13/2024 . The defendant still did not fix all of the inaccuracies, saying they did a full investigation, yet and still the inaccuracies remain, and evidence of that is my credit report with debts that have not been validated and hard inquiries with

no relationship attached proving there was not a full investigation done initiating tier 2 starting 9/14/2024, which lasted 28 days. A Notice of default was sent on 9/23/2024 and arrived 9/27/2024 [SEE EXHIBIT C] giving the defendant an additional 14 days, which was a deadline date of 10/11/2024 in which the defendant still did not comply initiating Tier 3 on 10/12/2024, which lasted 30 days.

9. Despite contacting the Consumer Financial Protection Bureau (CFPB) regarding these issues, the problems persisted without the CFPB forcing the defendant to lawfully rectifying their actions so I am asking for judicial intervention by the court per 12 U.S.C. 5565 for Unjust Enrichment.

10. Plaintiff's communications were designed to alert the defendant and request corrections under federal law, to which the defendant was responsive but did not rectify the inaccuracies.

11. Defendant's continued failure to rectify the violations evidenced by my current credit report [SEE EXHIBIT D] from them still displaying hard inquiries not connected to an account or showing a relationship proving permissible purpose and debts that have not been verified, resulting in unjust enrichment, conspiracy and aiding & abetting robbery & extortion by benefiting financially from false information, attempting to force plaintiff to pay settlements on inaccurate debts, resembling acts of coercion, akin to robbery and extortion by stopping plaintiff from doing business by interfering in commerce.

## V. Cause Of Action

12. **Count I – Violation of the Fair Credit Reporting Act (FCRA):** Plaintiff reaffirms and realleges each allegation as if fully rewritten here. Defendant failed to reinvestigate Plaintiff's disputes about unverified debts and hard inquiries to having permissible purpose as required under 15 U.S.C. § 1681i(a)(1)(A).

13. **Count II – Defamation Under Indiana Code Title 34, Article 15:** Defendant published false and defamatory information regarding Plaintiff's creditworthiness, causing significant harm to his personal and financial reputation. Defendant reported incorrect credit data to third parties without privilege or justification, falsely attributing negative financial behaviors to Plaintiff. The statements in question were demonstrably false and resulted in substantial material harm to Plaintiff's credit opportunities and personal reputation. Plaintiff's credit report directly exhibits the inaccurate entries reported by the defendant, serving as tangible proof of the false information published. These inaccuracies have hindered Plaintiff's ability to engage in financial transactions, secure credit, and maintain personal and professional credibility. Plaintiff seeks compensatory damages for the reputational and economic harm endured and demands the immediate correction and retraction of the false credit entries.

14. **Count III – Unjust Enrichment Indiana Code 24-2-3-4:** The defendant has received a measurable benefit through the dissemination of inaccurate and erroneous credit report data, which financially exploited the Plaintiff and widened their financial

standing unjustly. Defendant benefited at Plaintiff's expense by collecting and distributing unfounded financial data, which enhanced their standing while inflicting financial harm on Plaintiff. Defendant's conduct constitutes misappropriation leading to unjust enrichment, making their retention of these benefits unjustifiable. Pursuant to this code, Plaintiff seeks remedial justice, demanding that the defendant returns benefits acquired unfairly and compensates the Plaintiff equivalently for incurred damages.

15. **Count IV – Conspiring by Aiding & Abetting Robbery & Extortion and Interference with Commerce by Threats or Violence Under 18 U.S.C 2 and 18 U.S.C. 1951:** The defendant, through its role in sustaining and disseminating false credit information, has obstructed and affected consumer commerce by supporting practices that amount to extortionate pressures against Plaintiff. Defendant's persistent reporting of inaccurate credit data has interfered with Plaintiff's ability to engage in fair financial transactions, aligning with the federal definition of commerce obstruction. By maintaining and reporting inaccurate information, defendant has allowed creditors to induce fear of financial instability, coercing Plaintiff into addressing unwarranted and unverified debts. These actions have blocked Plaintiff's access to credit markets, causing harm to financial opportunities and personal reputation. The conditions placed upon Plaintiff resemble extortion, as defined, where economic disadvantage was forced upon him without legitimate credit resolutions. Plaintiff request that the Court recognize and address the enabling role defendant played in these violations, granting restitution for damages and enforcing changes to cease the use of such deceptive financial reporting practices.

16. **Count V – Identity Theft Under 18 U.S. Code § 1028:** Defendant enabled and facilitated the fraudulent use of Plaintiff's identity, leading to significant harm and financial misrepresentation. Defendant allowed the misreporting of Plaintiff's identification details, leading to unwarranted and unauthorized credit inquiries and entries. By failing to verify and correct discrepancies as required, Defendant actively contributed to the conditions under which Plaintiff's identity was misused, aligning with the provisions in 18 U.S. Code § 1028(a)(7). The wrongful reporting of credit-related data as a result of identity misuse has destabilized Plaintiff's financial standing and exposed him to ongoing fraud risks. Plaintiff suffered both from a degraded financial reputation and from stress and complications due to repeated identity-related inaccuracies on his credit report. Plaintiff seeks damages for the financial and personal harm sustained due to Defendant's negligence in protecting his identity and misreported identification data. Plaintiff demands that the defendant take immediate corrective measures to restore his credit and identity integrity.

17. **Count VI – Request for Enforcement of Penalties under 12 U.S. Code § 556:** Due to no intervention made by the CFPB, one of the governing bodies responsible for enforcing this violation and penalty that I reported to but did not rectify: Plaintiff seeks the court's enforcement to apply civil penalties to Defendant's ongoing violations tiered as follows:

Tier 1: Penalties amounting to $195,000 ($5,000 per day for 39 days).
Tier 2: Penalties amounting to $700,000 ($25,000 per day for 28 days).

Tier 3: Penalties amounting to $30,000,000 ($1,000,000 per day for 30 days).

## VII. Prayer for Relief

WHEREFORE, Plaintiff, demands judgment for damages against Experian as follows:

a. Update all accounts to paid in full never later and remove all hard inquiries not connected to an account showing a relationship constituting permissible purpose.

b. Actual damages amounting to $50,000;

c. Statutory FCRA damages totaling $75,000;

d. Punitive damages amounting to $75,000 for willful non-compliance;

e. Restitution for unjust enrichment totaling $25,000;

f. Conspiring by Aiding & abetting robbery & extortion damages totaling $1,000,000;

g. Defamation for false reporting on credit report cause reputation and financial harm and hardship $100,000

h. Civil penalties under 12 U.S. Code § 5565 totaling $30,895,000 as calculated from Tier 1 to Tier 3 durations and $1,325,000 for request for relief parts a.- g. with a total of $32,220,000.

And any further relief the Court deems just and proper.

Plaintiff demands a jury trial on all issues so triable.

Date: 11/20/2024

Respectfully Submitted,

By:/s/ *[signature]*
Smith; Xavier-jamal
Attorney-in-Fact for Plaintiff
XAVIER JAMAL SMITH
1499 MLK Drive
STE 64527
GARY, IN 46401