UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| XAVIER JAMAL SMITH,  )  <br>    Plaintiff,  )  <br>  )  <br>  v.  )  <br>  )  <br>EXPERIAN INFORMATION  )  <br>SOLUTIONS, INC.,  )  <br>    Defendant,  )  | CAUSE NO.: 2:24-CV-408-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 14], filed by Plaintiff, who is proceeding without counsel, on February 5, 2025. Plaintiff requests that the Court strike several of Defendant's affirmative defenses. Defendant filed a response on February 19, 2025, and on the same day Plaintiff filed a reply. Plaintiff's amended complaint was docketed on February 26, 2025, and Defendant filed an answer to the amended complaint on March 5, 2025, with slightly amended affirmative defenses. Although the motion to strike the affirmative defenses asserted in the answer to Plaintiff's original is now moot, because some of the affirmative defenses Plaintiff moved to strike remain, in the interest of justice the Court will address his substantive arguments.

I. **Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "A defense is

1

an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). Because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v Falcon Holdings Mgmt., LLC*, 2012 U.S. Dist. LEXIS 10478 at *12 2012 WL 266968 (N.D. Ind. Jan. 30, 2012); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because they were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense."). Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

  **II.**  **Analysis**

  Plaintiff alleges violations of the Fair Credit Reporting Act for allegedly inaccurate reports in the credit file Defendant has for him. Defendant has asserted a number of affirmative defenses,

2

some of which Plaintiff moves to strike. The Court addresses each of the challenged affirmative defenses in turn.

    a) <u>Statute of Limitations</u>

Defendant's first affirmative defense states, "Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p." That statute holds that actions brought under this subchapter must be brought within "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Plaintiff argues that Defendant fails to identify the relevant statute of limitations and argues that he filed his claims within two years of discovering them, and that this affirmative defense fails to include any facts showing how and why his claim is time-barred. Defendant argues that the record is undeveloped and that it is premature to strike its defense based on disputes of fact regarding when Plaintiff discovered his claims. Plaintiff is on notice of the statute of limitations defense and the affirmative defense is permitted.

    b) <u>Truth/Accuracy of Information</u>

Defendant asserts, "All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true." Plaintiff argues that Defendant fails to specify what information was determined to be accurate or how it verified the accuracy of those statements, and a blanket assertion of accuracy is unsupported and therefore not an adequate defense. Defendant argues that the record is merely undeveloped so the defense should not be stricken. Plaintiff is on notice of Defendant's affirmative defense.

3

c) <u>Failure to Mitigate Damages</u>

Plaintiff argues that Defendant's affirmative defense that "Plaintiff has failed to mitigate his damages" should be stricken because FCRA claimants have no duty to mitigate damages caused by false reporting. Defendant argues that is an inaccurate statement of law. Although this is a bare bones claim, a defense of failure to mitigate is not entirely foreclosed in FCRA cases, *see, e.g., Levine v. JPMorgan Chase & Co.,* 46 F. Supp. 3d 871, 876 (E.D. Wis. 2014), and the affirmative defense is sufficient to place Plaintiff on notice of Defendant's claim, particularly at this early stage of the case.

d) <u>Contributory/Comparative Fault</u>

Defendant asserts, "Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian." Plaintiff argues that comparative fault is not a recognized defense under the FCRA, since the FCRA imposes duties on credit reporting agencies and a creditor's conduct does not absolve them of the failure to verify information. Defendant argues that other non-parties or Plaintiff himself may have caused or contributed to Plaintiff's damages, particularly relevant to Plaintiff's negligence claims. Plaintiff is on notice of Defendant's claim.

e) <u>Unclean Hands</u>

Defendant's affirmative defense states, "The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands." Plaintiff argues that Defendant has failed to identify any wrongdoing by Plaintiff or how it would bar relief, since the

4

unclean hands defense applies only to equitable relief and not to claims for damages under the FCRA. Defendant argues that other courts have let defenses of unclean hands stand even without factual allegations, citing to a number of cases from district courts in other circuits. However, nowhere in Defendant's pleading does it specify an act or omission on the part of Plaintiff that could be construed as wrongdoing. "[T]he unclean hands doctrine requires the conduct be "tainted with the inequitableness or bad faith relative to the matter in which he seeks relief." *Est. of Darger v. Lerner*, No. 22 C 03911, 2023 WL 5277886, at *2 (N.D. Ill. Aug. 16, 2023) (quoting *Zeidler v. A & W Restaurants, Inc.*, 71 F. App'x 595, 599 (7th Cir. 2003); *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). This affirmative defense does not set forth the necessary elements of the alleged claim sufficient to put Plaintiff on notice and is stricken.

  f) <u>Immunity</u>

Defendant asserts the defense that: "All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e)." Plaintiff argues that qualified immunity does not apply when a party acts willfully or maliciously, and Plaintiff has alleged willful FRCRA violations. Defendant argues that Plaintiff has alleged that Defendant acted negligently, and qualified immunity can apply in negligence actions. *See, e.g., Zahran v. Transunion Corp.*, No. CIV. 01C1700, 2003 WL 1733561, at *9 (N.D. Ill. Mar. 31, 2003). Plaintiff is on notice of Defendant's claim.

  g) <u>Other Defenses</u>

Plaintiff does not move to strike Defendant's affirmative defenses of Independent Intervening Cause and Right to Assert Additional Defenses, so those are not stricken. Defendant agreed to withdraw its defenses of laches and estoppel, and they are not included in the answer to the amended complaint, so the Court will not address them.

**III**.     **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 14] and **STRIKES** Defendant's Fifth Affirmative Defense of Unclean Hands.

SO ORDERED this 1st day of April, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*